```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
SECURITIES & EXCHANGE COMMISSION,

                Plaintiff,

     -against-

GREGORY ALTIERI,

                Defendant.
---------------------------------X
```

**FILED**
**CLERK**

1/5/2023 10:31 am

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

ADOPTION ORDER
20-CV-06343 (JS)(ST)

APPEARANCES
For Plaintiff:     Pascale Guerrier, Esq.
                   Richard R. Best, Esq.
                   Securities and Exchange Commission
                   New York Regional Office
                   200 Vesey Street, Suite 400
                   New York, New York  10281

For Defendant:     Edward V. Sapone, Esq.
                   Sapone & Petrillo, LLP
                   40 Fulton Street, 23rd Floor
                   New York, New York  10038

SEYBERT, District Judge:

The Securities & Exchange Commission (hereafter "Plaintiff") commenced this action on December 30, 2020, against Gregory Altieri (hereafter "Defendant") alleging that from 2017 through early 2020, Defendant operated a Ponzi scheme "in which he raised at least $69.5 million from at least 80 investors." (Compl., ECF No. 1, ¶ 1.)

On April 15, 2021, Plaintiff informed the Court that it had reached a "partial Judgment on consent" on the issue of Defendant's liability (See Mot. to Approve Consent J., ECF No. 12)

and the Court entered partial Judgment on April 20, 2021. (See Apr. 20, 2021, Elec. Order.)

On July 22, 2022, Plaintiff filed an unopposed Motion for Remedies as to Defendant (hereafter the "Remedies Motion") seeking: (1) disgorgement of ill-gotten gains in the amount of $10,816,047.90; (2) prejudgment interest of $1,648,890.31; and (3) a civil penalty of $10,816,047.90. (See Remedies Motion, ECF No. 28 at 1.) The Remedies Motion was subsequently referred to Magistrate Judge Steven Tiscione for a report & recommendation (hereafter the "R&R") on October 31, 2022. (See Oct. 31, 2022, Elec. Order Referring Mot.)

The R&R, which is currently pending before the Court: (1) summarizes the relevant facts of the case; (2) outlines the procedural history of the case; (3) summarizes Plaintiff's claims; (4) identifies the relevant applicable law; (5) recommends that Plaintiff's Remedies Motion be granted in its entirety, having articulated the reasons for doing so; and (6) properly notifies the parties of their right to object to the R&R. (See R&R, ECF No. 30.)

Regarding his recommendation that Plaintiff's disgorgement claim be granted, Magistrate Judge Tiscione concluded that the amount sought represented "a reasonable approximation of [Defendant's] ill-gotten net profits" and that Defendant bore "any risk of uncertainty in calculating the disgorgement amount because

2

his illegal conduct created the uncertainty." (Id. at 8.) Similarly, Magistrate Judge Tiscione has recommended that Plaintiff's claim for prejudgment interest be granted based upon his finding that "Defendant benefitted from the illicit payments [and], [] should [therefore] repay an approximation of the interest so that it may be returned to defrauded investors." (Id. at 9.) Finally, in recommending that Plaintiff's claim for a civil penalty also be granted, the Magistrate Judge found that "third-tier penalties [were] appropriate given the fraudulent conduct as well as substantial losses to the investors who entrusted their money to Defendant." (Id. at 11.) Moreover, Magistrate Judge Tiscione determined that Defendant had targeted unsophisticated investors by "knowingly or recklessly" making "misrepresentations and false promises directly to these investors to induce them to invest into a non-existent [] business" and that Defendant's conduct was "egregious, [and] repeated." (Id. at 11-12.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections de novo; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." Pall Corp. v. Entegris, Inc., 249 F.R.D. 48, 51 (E.D.N.Y. 2008)

3

(quoting Barratt v. Joie, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3).  Further, by failing to timely object, a party waives any further judicial review of a magistrate judge's findings.  See Mejia v. Roma Cleaning, Inc., 751 F. App'x 134, 136 (2d Cir. 2018).

The time to object to the R&R has expired and, despite proper service of the R&R upon the parties (see Notice of Elec. Filing associated with R&R), no objections to the R&R have been filed.  (See Case Docket, in toto.)  Therefore, the Court reviews the R&R for clear error only.  Upon careful review and consideration, the Court finds Magistrate Judge Tiscione's R&R to be comprehensive, well-reasoned, and free of clear error.

Accordingly, **IT IS HEREBY ORDERED** that the R&R (ECF No. 30) is ADOPTED in its entirety, and Plaintiff's Motion for Judgment Based on Settlement (ECF No. 28) is GRANTED.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: January 5, 2023  
      Central Islip, New York

4